IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR189 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DIMITAR N. TRANCHEFF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 84) filed by the Defendant, Dimitar N. Trancheff. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

On April 21, 2005, Trancheff was charged in Count I of the Indictment with possession of cocaine. On May 2, 2005, he was released under conditions including a prohibition on travel outside Arizona except to attend these Nebraska court proceedings. The Court granted a joint motion to extend the pretrial motion filing deadline to June 10, 2005. On June 6, 2005, a petition for action on conditions of pretrial release was filed, alleging that Trancheff had absconded, and an arrest warrant was issued. The warrant was executed on November 21, 2009. Before Trancheff's appearance on the pretrial

release petition, the Magistrate Judge granted counsel's motion to withdraw in which counsel, Jason D. Lamm, stated that Trancheff had made no effort to contact him since shortly after his release on bond in 2005, since his arrest and extradition from Bulgaria earlier in 2009, or since his subsequent arrival and detention in Nebraska.

On November 25, 2009, the petition alleging a violation of Trancheff's pretrial release was granted, and Julie Hansen, Assistant Federal Public Defender, was appointed. On December 22, 2009, Hansen filed a motion for leave to file pretrial motions out of time together with a motion to suppress and a supporting brief. The Magistrate Judge denied Trancheff's motion for leave to file pretrial motions out of time, and he recommended that the motion to suppress be denied. This Court denied the objections filed by Hansen to the Magistrate Judge's order and findings and recommendation. The Court reasoned that Trancheff caused the delay by absconding from Nebraska and the United States, and he also failed to contact his retained attorney since soon after his release on bond.

Hansen's motion to withdraw was granted, and on January 25, 2010, Wesley Dodge was appointed to represent Trancheff. On February 8, 2010, Dodge filed two motions in limine. One motion was essentially a motion to suppress, arguing that evidence found as a result of Trancheff's 2005 stop and search should not be presented to the jury. The motions were heard and denied. A two-day trial began on February 9, 2010, and Trancheff was found guilty of the single-count Indictment.

Trancheff appealed, and, in a per curiam opinion, the Eighth Circuit Court of Appeals affirmed this Court's denial of his untimely motion to suppress and motion for leave to file the suppression motion out of time. The Eighth Circuit stated that this Court "reasonably relied on the fact that Trancheff caused the waiver [of a defense and request

2

under Rule 12] by absconding from the district for over four years." *United States v. Trancheff,* 633 F.3d 696, 698 (8th Cir. 2011). The Eighth Circuit also concluded that this Court did not abuse its discretion in denying Trancheff's motion in limine as an "untimely effort to preserve issues that could have been raised in a timely motion to suppress." (*Id*.) The Eighth Circuit's opinion included a concurring opinion:

> I concur but write separately to comment on the sentence. After Trancheff serves his fifteen-year sentence, he will be deported to Bulgaria. Meanwhile, it will cost United States taxpayers around $390,000 for Trancheff's care in prison. It seems to me, we ought to deport Trancheff immediately, rather than have taxpayers feed, clothe, and shelter Trancheff for the next fifteen years. That federal money could be better spent.

*Id.* (Bright, J., concurring) (citations omitted).

Trancheff timely filed his § 2255 motion arguing ineffective assistance of counsel at trial and on appeal.

## DISCUSSION

Trancheff alleges the following: his trial counsel was ineffective for not filing a timely motion to suppress and a timely motion in limine (Claim One); trial counsel was ineffective for failing to advise him to plead guilty to receive a lesser sentence and for failing to argue a lengthy sentence was unnecessary since he would be deported (Claim Two); and appellate counsel was ineffective for failing to argue on appeal that his fifteen-year sentence was unnecessary and costly since he faces deportation (Claim Three).

In order to establish ineffective assistance of counsel, Trancheff must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and

3

made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

## I.   *Trial Counsel; Timely Motions*

Trancheff argues his trial attorneys were ineffective for failing to file a timely motion to suppress and a timely motion in limine.

### A.   Motion to Suppress

Regarding the motion to suppress, the record shows that Trancheff did not contact his retained attorney, Jason Lamm, since shortly after his release on bond on the day of his initial appearance. Trancheff absconded before the expiration of his pretrial motion deadline. Even after his arrest and extradition from Bulgaria, he never contacted his attorney. Trancheff's participation was necessary for counsel to file a motion to suppress. Assuming that counsel had filed a motion within the pretrial motion deadline, a hearing would have been scheduled at which Trancheff's attendance would have been required, and he had already absconded before the expiration of his pretrial motion deadline. Clearly, Trancheff's actions in failing to abide by this Court's orders and failing to contact his attorney cannot be attributed to his attorneys.[1] His attorneys were not ineffective for not filing a timely motion to suppress. Moreover, Trancheff cannot show that he was prejudiced by the nonfiling of a motion to suppress within his pretrial motion deadline.

---

[1]The Court specifically recognizes the zealous representation of Assistant Federal Public Defender Julie Hansen with respect to the pretrial motion deadline and tendered motion to suppress.

4

Trancheff cannot prove either prong of the *Strickland* test, this claim is denied.

**B.     Motion in Limine**

Regarding the filing of a timely motion in limine, Wesley Dodge was appointed on January 25, 2010. Trial was held on February 9, 2010. Motions in limine were filed on February 8, 2010, outside the time limit set out in the Court's progression order. However, Trancheff's motions in limine were fully heard in chambers on February 9, 2010, and Court ruled on the merits of both motions.

Because Trancheff cannot prove the prejudice prong of the *Strickland* test, this claim is denied.

**II.    Trial Counsel; Advice Regarding Trial or Plea; Length of Sentence**

Trancheff argues his trial counsel was ineffective in failing to advise him to plead guilty to receive a lesser sentence and to argue that a lengthy sentence was unnecessary due to his pending deportation.

**A.     Advice Regarding Plea Versus Trial**

Trancheff failed to remain in contact with his first attorney beginning soon after his initial appearance. He then absconded to Bulgaria. His absence was the basis for the upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Even if he had pleaded guilty after his arrest on the pretrial release violation, under the facts he would have received the enhancement for obstruction of justice. It is unlikely that he would have received credit for acceptance of responsibility. The commentary to U.S.S.G. § 3E1.1 (Acceptance of Responsibility) states: "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the

5

defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 application note 4.   Nevertheless, the government will be ordered to answer this claim.

**B.     Length of Sentence**

Trancheff, apparently encouraged by Judge Bright's concurring opinion, argues that his trial attorney was ineffective for failing to argue that a lengthy sentence was unnecessary in light of his pending deportation.

As Judge Bright indicated in his concurring opinion and through the accompanying citations to previous Eighth Circuit cases, his opinion is not sanctioned by the Eighth Circuit as a ground for a downward departure, variance or deviation.

Because Trancheff cannot prove the prejudice prong under *Strickland,* this claim is denied.

**III.   Appellate Counsel; Lengthy Sentence**

Trancheff, again apparently influenced by Judge Bright's concurring opinion, argues that his appellate attorney was ineffective for failing to argue that a lengthy sentence was unnecessary in light of his impending deportation and the federal taxpayer funds used for his imprisonment during his 188 months incarceration could be better spent.

For the reasons stated under section II(B) above, Trancheff cannot prove the prejudice prong under *Strickland*.  This claim is denied.

## CONCLUSION

For the reasons discussed, claims I, II(B), and III are summarily denied, as it "plainly appears" from the record that Trancheff is not entitled to relief with respect to those claims.

The United States shall respond to the Defendant's claims discussed in section II(A) above by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 84);

2. Claims I, II(B), and III are summarily dismissed;

3. Upon initial review, the Court finds that summary dismissal of Claim II(A) of the Defendant's § 2255 motion is not required;

4. On or before May 23, 2011, the United States shall file an Answer to Claim II(A) of the defendant's § 2255 motion and support its Answer with a brief; and

5. On or before June 23, 2011, the Defendant may file a responsive brief; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 21st day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge